IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KEVIN C. DARKS, ) <br> ) <br> Movant, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 07-0814-CV-W-ODS <br> Crim. No. 03-00378-06-CR-W-ODS |

ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255 AND (2) DENYING CERTIFICATE OF APPEALABILITY

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion is denied, and the Court declines to issue a Certificate of Appealability.

I. MOVANT'S ARGUMENTS

Following a jury trial, Movant was convicted of conspiring to distribute more than 500 grams of cocaine and 100 kilograms of marijuana, possessing cocaine and marijuana with the intent to distribute, and possessing a firearm during a drug trafficking crime. The Sentencing Guidelines recommended a range of 78 to 97 months imprisonment for the drug charges, and Congress mandated a consecutive 60 month sentence for the gun charge. On March 30, 2005, Movant was sentenced to 78 months on the drug charges and the mandatory 60 month consecutive sentence for the gun charge, for a total sentence of 138 months. Movant (along with his co-defendants) appealed; among the issues he raised on appeal were claims that the drug quantity was miscalculated and that the sentencing court treated the guidelines as mandatory and not advisory. Movant's conviction and sentence were affirmed. United States v. Ruiz, 446 F.3d 762 (8th Cir.), cert denied, 127 S. Ct. 537 (2006). Movant now argues he is entitled to postconviction relief because (1) the sentence is excessive and violates the

Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and (2) he should not have been held responsible for the entire quantity of drugs involved in the conspiracy.

A post-conviction proceeding is not a substitute for a direct appeal. Here, Movant raises claims that were presented and rejected on direct appeal. <u>Ruiz</u>, 446 F.3d at 776 ("DARK argues that the district court erred in computing drug quantity [and] alleges that his sentence is unreasonable, asserting that the district court treated the Guidelines as essentially mandatory."). The claims cannot be reconsidered in this proceeding. <u>E.g.</u>, <u>Bear Stops v. United States</u>, 339 F.3d 777, 780 (8th Cir. 2003).

## II. CERTIFICATE OF APPEALABILITY

In order to appeal, Movant must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Motion because the issues are fresh in the Court's mind and efficiency is promoted. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (quotation omitted). When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Fed. R. App. P. 22(b).

The issues Movant has presented were already presented to and decided by the Court of Appeals on direct appeal, and the Court cannot reconsider them in a post-conviction motion. Further proceedings are not warranted.
IT IS SO ORDERED.

                                            /s/ <u>Ortrie D. Smith</u>
                                            ORTRIE D. SMITH, JUDGE
DATE: January 22, 2008            UNITED STATES DISTRICT COURT